IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

HARVEY WILSON WARD, JR.,       )
                               )
            Petitioner,        )
                               )       1:13CV168
     v.                        )       1:10CR208-1
                               )
UNITED STATES OF AMERICA,      )
                               )
            Respondent.        )

**MEMORANDUM OPINION AND ORDER**

**OSTEEN, JR., District Judge**

Petitioner Harvey Wilson Ward, Jr., a federal prisoner, has brought a motion, and a supporting memorandum, seeking to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Docs. 38-39.)[1] In pertinent part, Petitioner was indicted for, and pled guilty to, (1) possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D) (Count Two), and (2) possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (Count Four). (Docs. 1, 16, 17; 08/02/2010 Minute Entry.) He was sentenced to 188 months of imprisonment, which included an enhancement for being an armed career criminal. (Docs. 23, 30 at 3-4; 02/02/2011 Minute Entry.)  After an unsuccessful appeal,

---

[1] Cites to the record are to the criminal case.

United States v. Ward, No. 11-4286, 2012 WL 453330 (4th Cir. Feb. 14, 2012), Petitioner filed his current motion and memorandum under § 2255, along with a motion to amend his original § 2255 motion, two additional supplements, and a "Request for Production of Documentation of the United States Accepted or Acquired Exclusive or Concurrent Jurisdiction Over the Lands Mentioned in the Indictment Wherein the Alleged Criminal Activity Took Place" (hereinafter "Request"). (Docs. 38-39, 44-47.) Respondent filed a Response (Doc. 54) and Petitioner then filed a Reply (Doc. 56) along with two more supplements (Docs. 57-58), and a motion for the appointment of an attorney (Doc. 59). The matter is now before the court for a ruling. See Rule 8, Rules Governing Section 2255 Proceedings.

I.  **PETITIONER'S CLAIMS**

Petitioner's motion sets forth a single claim contending that he is actually innocent of possession of a firearm by a convicted felon and that counsel was ineffective for failing to raise this issue. (Petition (Doc. 38) ¶ 12, Ground One; Pet'r's Mem. (Doc. 39).) As explained below, this claim lacks merit.

II. **DISCUSSION**

In order to prove ineffective assistance of counsel, a petitioner must establish, first, that his attorney's

Case 1:10-cr-00208-WO   Document 62   Filed 03/15/16   Page 2 of 15

performance fell below a reasonable standard for defense attorneys and, second, that he was prejudiced by this performance.  See Strickland v. Washington, 466 U.S. 668, 688, 691-92 (1984).  A petitioner bears the burden of affirmatively showing deficient performance.  See Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994).  To establish prejudice, a petitioner must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different.  Strickland, 466 U.S. at 694.  To show prejudice following a guilty plea, a petitioner must establish that there is a reasonable probability that but for counsel's allegedly deficient conduct, he would have not pled guilty but would have gone to trial.  Hill v. Lockhart, 474 U.S. 52, 59 (1985).  The court must determine whether "a decision to reject the plea bargain would have been rational under the circumstances."  Padilla v. Kentucky, 559 U.S. 356, 372 (2010) (citing Roe v. Flores-Ortega, 528 U.S. 470, 480, 486 (2000)).  This determination is an objective one which is "dependent on the likely outcome of a trial had the defendant not pleaded guilty."  Meyer v. Branker, 506 F.3d 358, 369 (4th Cir. 2007).

Here, Petitioner contends his counsel was constitutionally ineffective by failing to raise the issue of whether his civil

rights had been restored following his 2002 conviction for robbery. (Pet'r's Mem. (Doc. 39) at 1-3.)  Petitioner asserts that "[i]f the defendant's civil rights were restored at the time he was charged with a violation of 18 U.S.C. § 922(g)(1), he could not be guilty, nor be allowed to plead guilty to the charge, having failed to meet the definition of 'conviction.'" (Id. at 3.)  The only documentation Petitioner has provided in support of his claim is a Forsyth County Superior Court Docket Sheet with a docket entry titled "Restoration of Rights," dated November 12, 2002.  (Id., Ex. A at 7 (Doc. 39).)

    This argument is not persuasive because Petitioner has not shown that he was innocent of the charge to which he pled guilty.  More specifically, a conviction for a violation of 18 U.S.C. § 922(g)(1) includes the following elements:  "(1) the defendant previously had been convicted of a crime punishable by a term of imprisonment exceeding one year; (2) the defendant knowingly possessed, transported, shipped, or received, the firearm; and (3) the possession was in or affecting commerce, because the firearm had travelled in interstate or foreign commerce at some point during its existence." United States v. Moye, 454 F.3d 390, 395 (4th Cir. 2006) (citing United States v. Langley, 62 F.3d 602, 606 (4th Cir. 1995)).

Petitioner admitted all these elements at his change of plea hearing, (Tr. of Change of Plea (Doc. 29) at 24-25), however, he now contests the first element; that is, that he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year. Petitioner bases his argument on 18 U.S.C. § 921(a)(20), which, in pertinent part, provides:

> What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

18 U.S.C. § 921(a)(20). Petitioner is essentially arguing, therefore, that because he has had his civil rights restored after serving his North Carolina sentence for robbery, his prior conviction cannot serve as the necessary factual predicate for his current federal felon in possession conviction.

There are a number of problems with this theory. First, Petitioner has failed to demonstrate that his civil rights actually were restored when he committed the charged offense. As noted above, what constitutes a conviction of a crime punishable by imprisonment for a term exceeding one year (i.e., a predicate "felony") is determined in accordance with the law

of the jurisdiction where the proceedings were held. 18 U.S.C. § 921(a)(20). Consequently, where state law prevents possession of any type of firearm based on a person's past felony convictions, the person cannot possess a firearm under federal law. Caron v. United States, 524 U.S. 308, 312–17 (1998).

Although North Carolina once allowed restoration of the right to possess firearms, North Carolina General Statute § 14-415.1 was amended effective in 1995 to make felons ineligible to possess certain firearms indefinitely. See N.C. Gen. Stat. § 14–415.1 (1995); see also United States v. Farrow, 364 F.3d 551 (4th Cir. 2004). Effective December 1, 2004, North Carolina again amended North Carolina General Statute § 14-415.1, this time prohibiting convicted felons from possessing any and all firearms. See N.C. Gen. Stat. § 14-415.1(a) (2004); see also United States v. Brady, 438 F. App'x 191, 193-94 (4th Cir. 2011). The 2004 amendment remains in place and was the governing law when Petitioner committed the charged offense in 2010. N.C. Gen. Stat. § 14–415.1(a) (2011).[2]

---

[2] In 2006, the statute was modified to exempt "antique firearms" from the scope of firearms convicted felons are prohibited from possessing. N.C. Gen. Stat. § 14–415.1(a) (2006). United States v. Kirkpatrick, No. 3:11-cr-34, 2011 WL 3204453, at *1 (W.D.N.C. July 27, 2011).

North Carolina, and thus federal law, did not permit Petitioner to possess a firearm in 2010, nor had Petitioner's right to possess a firearm been restored at that time.[3] Moreover, Petitioner does not assert that his prior robbery conviction has been expunged, set aside, or pardoned. Consequently, Petitioner's claim fails for this reason alone.

Second, even if the court were to treat Petitioner's assertions as true, and presume that his civil rights, including an unrestricted right to bear arms, were restored in 2002, his claim would still fail. This is because even if Petitioner was correct that his rights to own or possess a firearm were restored in 2002, he would have lost those rights following his 2008 felony conviction of obtaining property through false pretenses, for which he received a suspended sentence of eleven

---

[3] The most Petitioner could hope to demonstrate here is that, by operation of law, his right to possess firearms was partially restored in 2002, but then retroactively stripped, again by operation of law, by the 2004 amendment. However, the Fourth Circuit has determined that, even under circumstances such as these, a conviction for possession of a firearm by a convicted felon must stand as well as an armed career criminal enhancement. See, e.g., United States v. Brady, 438 F. App'x 191, 193-96 (4th Cir. 2011) (concluding that "the 2004 amendment . . . retroactively stripped Brady of this previously restored right" to own or possess a firearm and this did not offend the Ex Post Facto Clause to the United States Constitution).

- 7 -

Case 1:10-cr-00208-WO   Document 62   Filed 03/15/16   Page 7 of 15

to fourteen months.[4] (See Presentence Investigation Report ("PSR") ¶ 33.) As noted, North Carolina law prohibits felons from possessing firearms and this restriction has been in place since 2004. See N.C. Gen. Stat. § 14-415.1(a) (2004). For all these reasons, Petitioner's claim fails.

### A. Petitioner's Motion to Amend, Supplements, Reply, and Request

Petitioner has also filed a motion to amend, four supplements, a reply, and a request. (Docs. 44-47, 56-58.) Most of these pleadings (Docs. 44-47, 56, 57) do not warrant any substantive relief; however, the court will address them briefly below. Petitioner's motion to amend, his first and second supplements, and his request (Docs. 44-47), assert that this court lacks jurisdiction over Petitioner's criminal case.[5] As explained, Petitioner pled guilty to federal crimes in federal

---

[4] See United States v. Swann, 526 F. App'x 265, 267 n.2 (4th Cir. 2013) ("In his pro se brief, Swann appears to argue that, because his sentence was suspended, it did not qualify as a predicate offense. However, a qualifying predicate felony is one for which Swann himself could have been sentenced to a prison term exceeding one year. It is not required that Swann was actually sentenced to serve (or did in fact serve) over one year.") (citation omitted).

[5] The court will permit Petitioner to amend his original motion to raise this additional argumentation; however, for the reasons set forth herein, no relief is warranted. Petitioner's request (Doc. 47) demands proof of this court's jurisdiction and it will be denied for the reasons described herein as well.

court.  The district court has "original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231.  The arguments raised in Petitioner's motion to amend, his first and second supplements, and his request are unpersuasive.

Petitioner's third supplement (Doc. 57) is difficult to follow.  It is possible, albeit unclear, that Petitioner intended to file it with the Fourth Circuit Court of Appeals, because, among other things, it requests that the Fourth Circuit order this court to direct judgment in this proceeding in Petitioner's favor.  (Id. at 1-2.)  In any event, nothing in this supplement warrants any relief in Petitioner's favor from this court.  Petitioner's arguments here are vague, conclusory, and completely unsupported by any additional argumentation beyond that addressed and rejected above.  Unsupported, conclusory allegations do not warrant an evidentiary hearing, much less relief.  See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992) abrog'n on other grounds recog'd, Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999).

Petitioner's fourth supplement asserts that he no longer qualifies as an armed career criminal because a recent Supreme Court case, Johnson v. United States, ____ U.S. ____, 135 S. Ct.

- 9 -

2551 (2015), concluded that common law robbery convictions, like Petitioner's North Carolina robbery convictions, can no longer serve as predicate offenses under 18 U.S.C. § 924(e). (Doc. 58 at 3.) This issue, as well as Petitioner's motion to appoint counsel, will be addressed at the end of this analysis.

Nor does Petitioner's reply brief, which may also be directed to the Fourth Circuit, warrant relief. (Doc. 56.) In this brief, Petitioner raises three new arguments, which, in addition to being time-barred, fail on the merits. First, Petitioner asserts that "Application of the 2004 verson [sic] of Sect. 21 USC § 841(a)(1)(D) & (b)(1)(D) – Possession With Intent to Distribute Marijuana . . . to Petitioner, whom was arrested prior to its effective date . . . violates the ex post facto proscription of the Constitution(s) . . . ." (Id. at 2.) It is far from clear what Petitioner is asserting here, although he apparently seeks to assert an Ex Post Facto Clause violation. Petitioner's illegal conduct took place in early 2010. (Docs. 1, 16.) Petitioner was arrested in this matter in May of 2010, not in 2004, which he appears to be alleging. (Minute Entry 05/27/2010.) Petitioner was sentenced under the operative version of 21 U.S.C. § 841(a)(1) and (b)(1)(D) in 2011. (Minute Entry 02/02/2011.) It is not clear what statutory amendments

- 10 -

Case 1:10-cr-00208-WO   Document 62   Filed 03/15/16   Page 10 of 15

Petitioner is referencing, how they are relevant here, or why they would, if they exist, afford him any relief.  This claim is vague, unsupported, and conclusory and fails for this reason alone.  See Nickerson, 971 F.2d at 1136.

Second, Petitioner contends that his 188-month sentence violates the Eighth Amendment. (Doc. 56 at 2-3.) However, a fifteen-year sentence, or in this case, a sentence of fifteen years and eight months, under the Armed Career Criminal Act is neither disproportionate to the offense nor cruel and unusual punishment, and thus does not violate the Eighth Amendment. See, e.g., United States v. Etheridge, 932 F.2d 318, 323 (4th Cir. 1991) ("[S]uccessful proportionality challenges are extremely rare in non-capital cases."); United States v. Crittendon, 883 F.2d 326, 331 (4th Cir. 1989).

Third, Petitioner essentially argues that counsel was ineffective for failing to argue at sentencing that the Armed Career Criminal Act does not apply to him because his predicate offenses, that is, some or all of his robberies, should not have been counted separately under the Act. (Doc. 56 at 4-12.) In order for the Act to apply, a defendant must have three convictions for violent felonies "committed on occasions different from one another." 18 U.S.C. § 924(e)(1).  The proper

- 11 -

Case 1:10-cr-00208-WO   Document 62   Filed 03/15/16   Page 11 of 15

standard for judging whether Petitioner's convictions were "committed on occasions different from one another" is found in United States v. Letterlough, 63 F.3d 332 (4th Cir. 1995). There, the Fourth Circuit determined that convictions are separate felonies for the purposes of the Act if they were separate and distinct criminal episodes. Id. at 335. To decide whether felonies are separate and distinct, courts should consider "whether the offenses arose in different geographic locations; whether the nature of the offenses was substantively different; and whether the offenses involved multiple victims or multiple criminal objectives." Id. at 335-36 (footnotes omitted).

For example, in Letterlough, two convictions were found to be separate convictions for purposes of the Act even where two drug sales were made to the same person ninety minutes apart. Id. at 337. Other Fourth Circuit cases are similar. See United States v. Thompson, 421 F.3d 278, 285 (4th Cir. 2005) (different dates and locations for burglaries qualified them as separate crimes); United States v. Hobbs, 136 F.3d 384, 387 & n.5, 389 (4th Cir. 1998) (three burglaries in one hour qualified as separate crimes).

Nothing on this record suggests that the robberies Petitioner references are meaningfully distinguishable from the crimes in Letterlough and the other cases just cited.  In fact, Petitioner's Presentence Investigation Report indicates that the five robberies in question targeted different businesses or individuals.  (PSR ¶¶ 30-32.) The robberies in question also took place at different times and moreover, three of the robberies took place on different days. (Id.) Additionally, at sentencing, the court overruled Petitioner's objections to being designated an armed career criminal because the predicate offenses were insufficiently distinct to warrant such a designation. (Tr. of Sentencing Hr'g (Doc. 30) at 3-4.) Petitioner has failed to demonstrate that the underlying issue has merit or that counsel erred in failing to pursue it.

### B.     Johnson Claim and Motion to Appoint Attorney

As noted previously, Petitioner has asserted in his fourth supplement (Doc. 58) that he no longer qualifies as an armed career criminal under Johnson. Counsel was appointed to represent Petitioner (Doc. 60) and has filed supplemental objections (Doc. 61) on behalf of Petitioner requesting that resolution of the Johnson claim be held in abeyance pending a decision from the Supreme Court of the United States in Welch v.

- 13 -

Case 1:10-cr-00208-WO   Document 62   Filed 03/15/16   Page 13 of 15

United States, ____ U.S. ____, 136 S. Ct. 790, 193 L. Ed. 2d 534 (2016) (mem.), and the Court of Appeals for the Fourth Circuit in United States v. Gardner, No. 14-4533 (4th Cir. appeal docketed July 10, 2014). This court finds that counsel's request should be granted for good cause shown.

Petitioner has also filed a motion seeking the appointment of an attorney to assist him with his Johnson claim. (Doc. 59.) In light of counsel's appointment (Doc. 60), Petitioner's motion will be denied as moot.

### III. CONCLUSION

For the reasons set forth above, **IT IS THEREFORE ORDERED** that Petitioner's claims (Doc. 38) are dismissed.

**IT IS FURTHER ORDERED** that Petitioner's motion to amend (Doc. 44) is **GRANTED**, that Petitioner's request for proof of jurisdiction (Doc. 47) is **DENIED**, that Petitioner's motion seeking the appointment of counsel (Doc. 59) is **DENIED AS MOOT**, and that Petitioner's motion to supplement (Doc. 61) is **GRANTED.**

**IT IS FURTHER ORDERED** that Petitioner's motion to amend (Doc. 58) is **GRANTED** and that the Petition pursuant to 28 U.S.C. § 2255 as amended as to that one Johnson claim shall be held in **ABEYANCE** pending the Supreme Court's decision in Welch v. United States, ____ U.S. ____, 136 S. Ct. 790, 193 L. Ed. 2d 534 (2016)

(mem.), and the Fourth Circuit Court of Appeals' decision in United States v. Gardner, No. 14-4533 (4th Cir. appeal docketed July 10, 2014).

**IT IS FURTHER ORDERED** that the Government and Petitioner are directed to notify the court within 30 days once opinions have been issued in Welch and Gardner and shall also include in that notification any requests for additional briefing.

This the 15th day of March, 2016.

/s/ William L. Osteen, Jr.
United States District Judge

- 15 -

Case 1:10-cr-00208-WO   Document 62   Filed 03/15/16   Page 15 of 15