IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

HARVEY WILSON WARD, JR.,      )
                              )
            Petitioner,       )
                              )     1:13CV168
      v.                      )     1:10CR208-1
                              )
UNITED STATES OF AMERICA,     )
                              )
            Respondent.       )

### MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

Petitioner Harvey Wilson Ward, Jr., a federal prisoner, has brought a motion, and a supporting memorandum, seeking to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Docs. 38-39.)[1] In pertinent part, Petitioner was indicted for, and pled guilty to, (1) possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D) (Count Two), and (2) possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (Count Four). (Docs. 1, 16-17; Minute Entry 08/02/2010.) He was later sentenced to 188 months of imprisonment, which included an enhancement for being an armed career criminal. (Docs. 23, 30 at 3-4; Minute Entry 02/02/2011.)

---

[1] Cites to the record are to the criminal case.

After an unsuccessful appeal, United States v. Ward, No. 11-4286, 2012 WL 453330 (4th Cir. Feb. 14, 2012), Petitioner filed his current motion and memorandum under § 2255, along with a motion to amend his original § 2255 motion, two additional supplements, and a "Request for Production of Documentation of the United States Accepted or Acquired Exclusive or Concurrent Jurisdiction Over the Lands Mentioned in the Indictment Wherein the Alleged Criminal Activity Took Place." (Docs. 38-39, 44-47.) Respondent filed a Response (Doc. 54) and Petitioner then filed a Reply (Doc. 56) along with two more supplements (Docs. 57-58), and a motion for the appointment of counsel (Doc. 59).

The court then appointed Petitioner counsel for the limited purpose of seeking relief under Johnson v. United States, ____ U.S. ____, 135 S. Ct. 2552 (2015). (Doc. 60.) The court also issued a Memorandum, Opinion and Order on March 15, 2016 (Doc. 62) dismissing all of Petitioner's claims (Doc. 38), granting the motions to amend (Docs. 44, 58), denying Petitioner's request for proof of jurisdiction (Doc. 47), denying as moot Petitioner's request for the appointment of counsel (Doc. 59), and granting Petitioner's motion to supplement (Doc. 61). At that time, the court also held in abeyance Petitioner's Johnson claim pending the Supreme Court's decision in Welch v. United States, ____ U.S. ____, 136 S. Ct. 1257 (2016), and the Fourth

Circuit Court of Appeals' decision in United States v. Gardner, 823 F.3d 793, 800 (4th Cir. 2016). The Government then filed a response (Doc. 63), a status report (Doc. 64), and a supplemental brief (Doc. 67), the last of which concedes that Petitioner is no longer an armed career criminal.[2] The only remaining issue in this matter - that of Petitioner's Johnson claim - is now before the court for a ruling. See Rule 8, Rules Governing Section 2255 Proceedings.

I. **DISCUSSION**

　　A. **Petitioner's Johnson Claim has Merit and He will be Resentenced**

For the following reasons, Petitioner is correct that he was improperly sentenced as an armed career criminal. First, Johnson, struck as unconstitutional the residual clause of the Armed Career Criminal Act ("ACCA"). Johnson, 135 S. Ct. at 2557. Second, Johnson is also retroactively applicable on collateral review to claims that a defendant was improperly sentenced as an armed career criminal. Welch, 136 S. Ct. at 1265. Third, the Fourth Circuit Court of Appeals concluded recently that a "district court erred in applying the ACCA enhancement based on

---

[2] Petitioner's time to respond to the Government's supplemental brief has not expired. (See Doc. 66.) However, in light of the Government's concession, a response from Petitioner is unnecessary.

- 3 -

[a defendant's] convictions for North Carolina common law robbery." Gardner, 823 F.3d at 804; see also United States v. Billups, No. 14-4959, 2016 WL 3254700 (4th Cir. June 14, 2016) (same).

Fourth, as the Government correctly points out, Petitioner has four North Carolina felony common law robbery convictions, none of which can now serve as ACCA predicates. (Gov't Suppl. Br. (Doc. 66) at 3, citing Doc. 16 at 4; PSR ¶¶ 18, 30, 31, 32.) Consequently, the court agrees with the parties that Petitioner no longer has three ACCA predicates warranting the designation of an armed career criminal. Petitioner must be resentenced without the ACCA enhancement.[3]

**IT IS THEREFORE ORDERED** that Petitioner's Motion (Doc. 38) and Supplemental Motion to Vacate, Set Aside, or Correct Sentence (Doc. 58) are **GRANTED** as to Petitioner's Johnson claim **only** for the reasons set forth above, that the Judgment (Doc. 23) is **VACATED**, and that this matter shall be set for resentencing in light of the Government's concession. All of

---

[3] Petitioner also challenges his designation as a career offender. (Doc. 58 at 3; PSR ¶ 19.) However, in light of the Government's concession, there is no need to address this argument. The parties can address the matter at resentencing if need be.

- 4 -

Petitioner's remaining claims were (and remain) denied and dismissed by prior order for lack of merit. (Doc. 62.)

Petitioner remains in custody, and the United States Attorney is directed to produce Petitioner for the resentencing hearing. The Probation Office is directed to prepare a Supplement to the Presentence Investigation Report in advance of the hearing. Counsel will be appointed to represent Petitioner at the resentencing hearing.

A judgment dismissing this action will be entered contemporaneously with this Memorandum Opinion and Order. Finding no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction, nor a debatable procedural ruling, a certificate of appealability is not issued.

This the 26th day of August, 2016.

                                      /s/ William L. Osteen, Jr.
                                      United States District Judge